■   In the Matter of VILLAGE GREEN COMPANY et al., Respondents, v GEORGE M. DERDERIAN, as Assessor of the City of White Plains, et al., Appellants.—In a consolidated proceeding to review the assessments of petitioners' real property for the tax years 1969 through 1977, the appeal is from an order of the Supreme Court, Westchester County, entered April 21, 1978, which, after a nonjury trial, *inter alia,* reduced the assessments. Order affirmed, without costs or disbursements. The trial court properly employed the capitalization of income method of valuation in this case in preference to the gross rent multiplier approach, upon which the appellants' expert relied. (Cf. *Matter of City of New York [First Elephant Estates—La Hermosa Church],* 17 AD2d 317, 322.) There was a sale of the subject property in 1976 and, normally, the price fixed by the parties to such a transaction should be given great weight in determining fair market value. (See *Matter of Woolworth Co. v Tax Comm. of City of N. Y.,* 20 NY2d 561, 565.) In this instance, however, the court was justified in disregarding the sales price of $1,065,000 when it valued the property for tax assessment purposes because the evidence showed that the purchase price did not reflect the true value of the property. At the time of the sale, there was a favorable 7% mortgage on the premises for about $459,000. The purchaser paid $170,000 in cash and was given a remarkable purchase-money mortgage of about $416,000, which, among other things, forgave all interest and payments for five years and then required payments at the rate of 4% for the next 10 years. The purchaser was also entitled to a $100,000 prepayment discount should it choose to pay within five years of the closing. Given the terms of the purchase-money mortgage, the trial court was justified in finding that the connection between the purchase price of the property and its true fair market value was tenuous. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.